http://www.va.gov/vetapp16/Files4/1630507.txt

Citation Nr: 1630507 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 07-13 719 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to an apportionment of the Veteran's Department of Veterans Affairs compensation benefits for the support of the Veteran's three children. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

Veteran represented by: Georgia Department of Veterans Services

ATTORNEY FOR THE BOARD

J. Seay, Counsel

INTRODUCTION

The Veteran had active service from September 1990 to April 1997. The appellant is his ex-spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a January 2007 decision of the Detroit, Michigan, Regional Office (RO) of the Department of Veterans Affairs (VA). The case is now under the jurisdiction of the Atlanta, RO. 

In July 2016, the Veteran submitted a VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative, and appointed Georgia Department of Veterans Services to represent him. However, the Veteran's appeal was certified to the Board in February 2016. Thereafter, a letter was sent to the Veteran's address (addressed to the appellant) in May 2016 informing that there was 90 days from the date of the letter to change representation. A claimant has 90 days from the certification of an appeal to the Board to change representation for any reason. 38 C.F.R. § 20.1304(a) (2015). If a change in representation is requested more than 90 days after certification, the claimant must show good cause for the change. 38 C.F.R. § 20.1304(b) (2015). Due to the May 2016 letter, the Board finds that the change in representation was filed within 90 days of the May 2016 letter and the Board accepts the change in representation from the Veteran. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In December 2010, the Board remanded the case for additional development, to include the following: to furnish the Veteran and his representative with a copy of the appellant's substantive appeal or content of the appeal, a copy of the July 2008 supplemental statement of the case, and a copy of the November 2008 hearing transcript; to furnish the Veteran and the appellant with a Financial Status Report, and to ask the Veteran to provide copies of supporting/corroborating documents from which his financial information originated, for all relevant periods prior to December 2010; including copies of documents, as pertinent, including canceled checks, bills, invoices, bank statements, and lease, loan, or mortgage statements, and/or income tax returns; to ask the Veteran to report if he shared any reported expenses with anyone else, such as shared housing expenses, during all pertinent periods in question, and, if so, the amounts provided by that other person(s) including his parents; to obtain current information pertaining to the Veteran's status regarding his payment of support for his three children from the time of the appellant's claim to the present; and if the benefit sought remained denied, to issue a supplemental statement of the case to the Veteran, the appellant, and respective representatives.

Following the Board's December 2010 remand, the Veteran and the appellant were contacted by VA notice letters, asked to provide financial status information, to include financial status report(s), and any other relevant evidence to include housing expenses, pertinent cancelled checks, bills, invoices, bank statements, and lease, loan, or mortgage payments and the Veteran was asked to provide payments of support for his children. See Stegall v. West, 11 Vet. App. 268 (1998). The Veteran provided statements of child support payments, and several Financial Status Reports. In the most recently completed Financial Status Report dated in June 2014, the Veteran reported that he was living in New Jersey and was unemployed. He reported his income as $794.15 from VA benefits and his expenses were $400.00 for rent or mortgage payment, $110.00 for food, $150.00 for utilities and heat, and other expenses listed as $50.00 for phone, $50.00 for transportation, and $80.00 for child support. He reported that he paid $40.00 per month for his child, P., and $40.00 per month for child N. His other child, I., has reached the age of 18 during the pendency of the appeal. 

In this case, the appellant submitted a statement dated in February 2016 and stated that an apportionment should be awarded as the Veteran would not suffer a hardship. She stated that he was now married, lived in Georgia and indicated that his spouse had a job. In light of the appellant's statement that the Veteran's financial circumstances may have changed since he last submitted a Financial Status Report, the Board must again remand to obtain current financial information. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Associate a copy of the payment history of VA benefits made to the Veteran from 2006 to the present.

2. Contact both the appellant and the Veteran and ask for updated financial information regarding their current monthly income and expenses. Specifically, ask the Veteran concerning his current living expenses as it now appears that he is remarried and living in Georgia. 

3. Following any additional development deemed appropriate, readjudicate the claim on appeal for an apportionment of the Veteran's compensation benefits for the Veteran's three children. If the benefit sought is not granted, issue the appellant, the Veteran, and any respective representatives, a supplemental statement of the case. Allow time for response. Thereafter, return the case to the Board for appellate consideration. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).